# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA CARTER, and <br> KRISTI CARTER, <br><br> Plaintiffs, <br><br> v. <br><br> SUN COMMUNITIES, INC., <br> Defendant, <br><br> Serve: <br>   National Registered Agents, Inc. <br>   208 LaSalle Street, Ste. 814 <br>   Chicago, IL  60604 <br><br> and, <br><br> SUN TRS LAKE RUDOLPH LLC, <br> Defendant, <br><br> Serve: <br>   National Registered Agents, Inc. <br>   334 North Senate Avenue <br>   Indianapolis, IN, 46204 | Case No.  3:22-cv-02931 <br><br> Plaintiff demands trial by jury on all counts |

## COMPLAINT

COME NOW, Plaintiffs, JOSHUA CARTER and KRISTI CARTER, by and through their undersigned counsel of record, MEYERJENSEN, P.C. AND CRAIG J. JENSEN, and for their Complaint against the Defendant, SUN COMMUNITIES, INC. and SUN TRS LAKE RUDOLPH LLC, state as follows:

## JURISDICTIONAL AND GENERAL ALLEGATIONS

1. Plaintiff, JOSHUA CARTER, is, and was at all times relevant, a citizen of the State of Illinois, residing in the County of Madison and within this Court's jurisdictional boundaries and is the husband of Plaintiff, KRISTI CARTER.

2. Plaintiff, KRISTI CARTER, is, and was at all times relevant, a citizen of the State of Illinois, residing in the County of Madison and within this Court's jurisdictional boundaries and is the wife of Plaintiff, JOSHUA CARTER.

3. Defendant, SUN COMMUNITIES, INC., is, and was at all times relevant, a Maryland corporation, registered to do business as a foreign corporation in the State of Illinois, with is principal place of business located in Southfield, Michigan, is the parent corporation of Defendant, SUN TRS LAKE RUDOLPH LLC, and owns and/or operates a campground, Sun Outdoors Lake Rudolph, located in Santa Claus, Indiana.

4. Defendant, SUN TRS LAKE RUDOLPH LLC, is a Michigan limited liability company whose sole Member is Sun Home Services, Inc., a Michigan corporation, and is a wholly owned subsidiary of Defendant, SUN COMMUNITIES, INC., and owns and/or operates a campground, Sun Outdoors Lake Rudolph, located in Santa Claus, Indiana.

5. At all times relevant, Defendants owned and/or operated the campground, Sun Outdoors Lake Rudolph, located in or near the town of Santa Claus, Indiana, and which offered golf cart rentals as a part of its for-profit business.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy for each Plaintiff exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. On or about June 20 and 21, 2021, Plaintiffs were business invitees and guests at the Defendants' campground, Sun Outdoors Lake Rudolph (hereinafter, also referred to as "the Campground"), had entered into rental agreements with Defendants, paid for and were in use of a rental cabin and rental golf cart during their stay at the property.

8. On or about June 20, 2021, Plaintiff, JOSHUA CARTER, noted that the golf cart the family had been provided was experiencing some noise and/or mechanical difficulties, specifically with the braking mechanisms and took the golf cart to employee(s) of the Campground for inspection.

9. The employee(s) of the Campground with whom Plaintiff consulted inspected the golf cart and determined it to be suitable for continued use.

10. On or about the evening of June 21, 2021, the golf cart in question was being operated by Plaintiff's daughter, with her boyfriend situated in the passenger seat and Plaintiffs, JOSHUA CARTER AND KRISTI CARTER, as passengers situated on the back two seats of the golf cart.

11. At said time and place, Plaintiffs began a downhill descent on a steep, paved roadway located on the grounds of the Campground and at which time, through no fault of Plaintiffs or the driver, the golf cart began to make loud screeching and/or grinding sounds and the brakes, suddenly and without warning, failed completely to slow or stop the golf cart, causing the golf cart to gain excessive speed to unsafe levels, rendering it uncontrollable and ultimately resulting in the golf cart violently crashing into the exterior wall of a building located near the side of the road and causing injury to Plaintiffs.

## COUNT I – Joshua Carter
### (Negligence - SUN COMMUNITIES, INC.)

COMES NOW, Plaintiff, JOSHUA CARTER, by and through his undersigned counsel and for Count I of his Complaint against the Defendant, states as follows:

12. Plaintiff incorporates and realleges paragraphs 1-11 of the Jurisdictional and General Allegations as and for Paragraph 12, as is fully set forth herein.

13. At all times relevant, Defendant had a duty to provide reasonably safe equipment and/or to warn, inspect and maintain its rental equipment, including golf carts, provided to guests in accordance with applicable safety standards and in a manner rendering them reasonably safe for use by their business invitees and/or renters.

14. Defendant negligently breached its duty to Plaintiff in one or more of the following ways:

   a. Failed to provide Plaintiff with reasonably safe equipment for use;

   b. Failed to properly or adequately inspect the golf cart in question;

   c. Failed to properly or adequately maintain the golf cart in question;

   d. Failed to warn that the golf cart in question was defective;

   e. Failed to promulgate and/or implement sufficient safety policies, procedures and/or protocols.

15. As a direct and proximate result of the foregoing incident, Plaintiff did suffer significant damages involving serious and permanent injuries, including, but not limited to, his leg and knee, physical and mental pain and suffering, lost wages and has incurred significant medical bills in an effort to cure these injuries, and which damages exceed $75,000.00.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant in an amount in excess of the jurisdictional limits, for costs of suit, and for any and all further relief deemed appropriate by the Court.

### COUNT II – Joshua Carter
### (Negligence - SUN TRS LAKE RUDOLPH LLC)

COMES NOW, Plaintiff, JOSHUA CARTER, by and through his undersigned counsel and for Count II of his Complaint against the Defendant, states as follows:

16. Plaintiff incorporates and realleges paragraphs 1-11 of the Jurisdictional and General Allegations as and for Paragraph 16, as if fully set forth herein.

17. At all times relevant, Defendant had a duty to provide reasonably safe equipment and/or to warn, inspect and maintain its rental equipment, including golf carts, provided to guests in accordance with applicable safety standards and in a manner rendering them reasonably safe for use by their business invitees and/or renters.

18. Defendant negligently breached its duty to Plaintiff in one or more of the following ways:

   a. Failed to provide Plaintiff with reasonably safe equipment for use;

   b. Failed to properly or adequately inspect the golf cart in question;

   c. Failed to properly or adequately maintain the golf cart in question;

   d. Failed to warn that the golf cart in question was defective;

   e. Failed to promulgate and/or implement sufficient safety policies, procedures and/or protocols.

19. As a direct and proximate result of the foregoing incident, Plaintiff did suffer significant damages involving serious and permanent injuries, including, but not limited to, his leg and knee, physical and mental pain and suffering, lost wages and has incurred significant medical bills in an effort to cure these injuries, and which damages exceed $75,000.00.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant in an amount in excess of the jurisdictional limits, for costs of suit, and for any and all further relief deemed appropriate by the Court.

### COUNT III – Kristi Carter
### (Negligence - SUN COMMUNITIES, INC.)

COMES NOW, Plaintiff, KRISTI CARTER, by and through her undersigned counsel and for Count III of her Complaint against the Defendant, states as follows:

20. Plaintiff incorporates and realleges paragraphs 1-11 of the Jurisdictional and General Allegations as and for Paragraph 20, as is fully set forth herein.

21. At all times relevant, Defendant had a duty to provide reasonably safe equipment and/or to warn, inspect and maintain its rental equipment, including golf carts, provided to guests in accordance with applicable safety standards and in a manner rendering them reasonably safe for use by their business invitees and/or renters.

22. Defendant negligently breached its duty to Plaintiff in one or more of the following ways:

   a. Failed to provide Plaintiff with reasonably safe equipment for use;

   b. Failed to properly or adequately inspect the golf cart in question;

   c. Failed to properly or adequately maintain the golf cart in question;

   d. Failed to warn that the golf cart in question was defective;

    e.   Failed to promulgate and/or implement sufficient safety policies, procedures and/or protocols.

23.   As a direct and proximate result of the foregoing incident, Plaintiff did suffer significant damages involving serious and permanent injuries, including, but not limited to, her back/tailbone, physical and mental pain and suffering, lost wages and incurred significant medical bills in an effort to cure these injuries, and which damages exceed $75,000.00.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendant in an amount in excess of the jurisdictional limits, for costs of suit, and for any and all further relief deemed appropriate by the Court.

### COUNT IV – Kristi Carter
### (Negligence - SUN TRS LAKE RUDOLPH LLC)

COMES NOW, Plaintiff, KRISTI CARTER, by and through her undersigned counsel and for Count IV of her Complaint against the Defendant, states as follows:

24.   Plaintiff incorporates and realleges paragraphs 1-11 of the Jurisdictional and General Allegations as and for Paragraph 24, as is fully set forth herein.

25.   At all times relevant, Defendant had a duty to provide reasonably safe equipment and/or to warn, inspect and maintain its rental equipment, including golf carts, provided to guests in accordance with applicable safety standards and in a manner rendering them reasonably safe for use by their business invites and/or renters.

26.   Defendant negligently breached its duty to Plaintiff in one or more of the following ways:

    a.   Failed to provide Plaintiff with reasonably safe equipment for use;

    b.   Failed to properly or adequately inspect the golf cart in question;

    c. Failed to properly or adequately maintain the golf cart in question;

    d. Failed to warn that the golf cart in question was defective;

    e. Failed to promulgate and/or implement sufficient safety policies, procedures and/or protocols.

27. As a direct and proximate result of the foregoing incident, Plaintiff did suffer significant damages, including, but not limited to, serious and permanent injuries, including, but not limited to, her back/tailbone, physical and mental pain and suffering, lost wages and incurred significant medical bills in an effort to cure these injuries, and which damages exceed $75,000.00.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendant in an amount in excess of the jurisdictional limits, for costs of suit, and for any and all further relief deemed appropriate by the Court.

Respectfully Submitted,

MEYERJENSEN, P.C.

By:   /s/ *Craig J. Jensen*
CRAIG J. JENSEN, #6197352
BRIAN W. BURGE, #6334663
2010 State Street
Alton, Illinois 62002
Telephone: (618) 463-1004
Facsimile: (618) 463-0989
Email: craig@meyerjensen.com
Email: brian@meyerjensen.com