IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA CARTER and KRISTI CARTER )<br>)<br>    Plaintiffs,                      )<br>)<br>    v.                              )<br>)<br>SUN COMMUNITIES, INC. and SUN TRS )<br>LAKE RUDOLPH, LLC            )<br>    Defendant.                  )<br>) | Case No. 22-cv-2931-JPG-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on motions referred to the undersigned by District Judge Gilbert pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). Doc. 31. The undersigned held a hearing on May 23, 2023. Doc. 33. As explained further, Defendants' Motion for Protective Order (Doc. 28) is GRANTED IN PART and DENIED IN PART. (Doc. 28). Plaintiffs' Motion to Compel (Doc. 30) is DENIED.

Plaintiffs Joshua and Kristi Carter live in Southern Illinois. Doc. 1, ¶¶1, 2. In June 2021, the Carters traveled to Sun Outdoors Lake Rudolph, a campground in Santa Claus, Indiana. *Id.*, ¶7. Plaintiffs allege that Defendants Sun Communities, Inc., and Sun TRS Lake Rudolph, LLC own and/or operate Sun Outdoors Lake Rudolph. *Id.*, ¶¶3, 4. Plaintiffs further allege that they rented a cabin and a golf cart from Defendants and were injured in an accident while using the golf cart. *Id.*, ¶11. Plaintiffs contend that Defendants negligently maintained the golf cart, failed to properly inspect the golf cart, failed to warn Plaintiffs that the golf cart was defective, and/or failed to implement sufficient safety policies. *Id.*, ¶¶14, 18, 22, 26. This Court has subject matter

jurisdiction pursuant to 28 U.S.C. §1332, as there is complete diversity and Plaintiffs allege that their damages exceed $75,000.

Defendants filed a Motion to Dismiss (Docs. 15, 16), contending that this court does not have personal jurisdiction over them. To support their argument, Defendants refer to the allegations in Plaintiff's Complaint. According to Plaintiff's Complaint, Sun Communities, Inc. ("Sun Communities") is a Maryland corporation that is registered to do business as a foreign corporation in the State of Illinois and has its principal place of business in Michigan. Doc. 1, ¶3. Plaintiff alleges that Defendant Sun TRS Lake Rudolph, LLC ("Sun TRS Lake Rudolph") is a Michigan limited liability company whose sole member is Sun Home Services, Inc., a Michigan corporation. *Id*., ¶4.

Plaintiffs have not responded to Defendants' Motion to Dismiss. They moved for an extension of time to respond in order to conduct discovery. Doc. 23. Judge Gilbert granted their motion and allowed them "to conduct limited discovery as to personal jurisdiction." Doc. 24. Plaintiffs served Defendants with Interrogatories containing 24 paragraphs and 77 subparagraphs, and approximately 40 requests for production. Doc. 28, p. 1, 2. Defendants objected to the Interrogatories and Requests for Production and filed their Motion for Protective Order. Docs. 28, 30-1, and 30-2. Plaintiff did not respond to the Motion for Protective Order, but instead filed a Motion to Compel. Doc. 30. Defendants never responded to the Motion to Compel.

Neither Plaintiffs' Complaint nor any of their subsequent pleadings specifically address whether they believe Defendants are subject to specific or general jurisdiction in Illinois. There are no allegations in the Complaint that give rise to specific jurisdiction, as the golf cart accident in question happened at an Indiana campground-the same Indiana campground from which Plaintiffs rented the golf cart. *See Ford Motor Co. v. Montana Eighth Judicial District Court*,

141 S.Ct. 1017, 1025 (2021) (internal quotations omitted) ("the plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum state" for specific jurisdiction to exist). .Plaintiffs do not allege that Defendants maintained *any* contacts with Illinois related to this case. Accordingly, discovery related to the issue of specific jurisdiction is not appropriate. *See In re Sheehan*, 48 F.4th 513, 527 (7th Cir. 2022).

When Plaintiffs asked Judge Gilbert for leave to conduct jurisdictional discovery, they represented to the Court that "[i]t is believed that….Sun Communities owns substantial property in the State of Illinois, conducts significant business in Illinois, takes profits and pays taxes in Illinois."  These statements indicate that Plaintiffs expect to establish that at least Sun Communities is subject to general jurisdiction in Illinois.  This Court has general jurisdiction over Defendants if they are "fairly regarded as at home" in Illinois.  *Bristol Myers Squibb Co. v. Superior Court of California, San Fransisco Co.*, 582 U.S. 255, 262 (2017) (internal quotations and citations omitted); Fed. R. Civ. P. 4(k)(1)(A).

A corporation that operates in multiple states is not likely to "be deemed at home in all of them." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 415 (2017) (*quoting Daimler AG v. Bauman*, 571 U.S. 117, 140, n. 20 (2014)).  Sun Communities contends that it is only subject to general jurisdiction in Maryland (its state of incorporation) and Michigan (where its principal place of business is located).  Doc. 15, p. 4.  Because nothing in the record suggests that Sun Communities is "at home" in any states other than Michigan or (as Plaintiffs believe) Illinois, the issue to be resolved by jurisdictional discovery is whether Sun Communities is "at home" in Michigan or Illinois.  Plaintiff's Interrogatories and Requests for Production far exceed the scope of this issue, and therefore the Motion to Compel (Doc. 30) Sun Communities to answer Plaintiffs' written discovery is DENIED IN PART.  However, Sun Communities' Motion for Protective

Order is also DENIED IN PART (Doc. 28) to the extent that Sun Communities must answer the following Interrogatories related to the issue of whether it is at home in Michigan or Illinois:

1. State the gross amount of revenue earned by Sun Communities for its business activities in Michigan in 2021 and 2022.

2. State the gross amount of revenue earned by Sun Communities for its business activities in Illinois in 2021 and 2022.

3. Did your Board of Directors meet in Illinois in 2021 and/or 2022? If the answer to this question is yes, then answer the following:

    a. How many times did they meet in Illinois in 2021 and/or 2022?

    b. Did they meet elsewhere in 2021 and/or 2022? Provide the locations, along with the number of times they met in those locations.

4. List the names of your corporate officers in 2021 and 2022, along with the state(s) in which each officer performs his/her responsibilities for Sun Communities.

5. How many individuals are employed by Sun Communities, Inc.?

    a. How many of those individuals perform their responsibilities for Sun Communities in Illinois?

    b. How many of those individuals perform their responsibilities for Sun Communities in Michigan?

6. Does Sun Communities own any real property in Illinois? If so, provide a comparison of the amount of real property owned in Illinois to the amount of real property owned by Sun Communities in Michigan.

7. Does Sun Communities lease or rent any real property in Illinois? If so, provide a comparison of the amount of real property leased or rented in Illinois to the amount of

real property leased by Sun Communities in Michigan.

The above interrogatories are revisions of Interrogatories sent by Plaintiff to Defendants. Doc. 28-1, ¶¶8, 9, 10, 11, 12, 13, 14, 22.  Revising written discovery is a task better suited for counsel than for the Court.  Defense counsel is in a much better position than the undersigned to determine what information can most efficiently be obtained for disclosure.  Similarly, Plaintiffs' counsel is in a better position to know what information is needed to support their Response to Defendants' Motion to Dismiss.  The parties claim that they could not reach an agreement on these issues, but the record reflects that they made no meaningful effort to do so.[1]  Doc. 30-3. **Defendant Sun Communities shall provide Plaintiffs with answers to the above listed Interrogatories on or before July 12, 2023.**

Sun TRS Lake Rudolph contends that it is only subject to general jurisdiction in Michigan (its sole member is a Michigan corporation) and Indiana.  Doc. 15, p. 4.  Nowhere in the record do Plaintiffs argue that Sun TRS Lake Rudolph is at home in Illinois, and Plaintiffs have not otherwise articulated a theory under which Sun TRS Lake Rudolph is subject to personal jurisdiction in Illinois.  Accordingly, the Motion for Protective Order (Doc. 28) as it pertains to Sun TRS Lake Rudolph is GRANTED in its entirety and the Motion to Compel Sun TRS Lake Rudolph to answer Plaintiff's written discovery (Doc. 30) is DENIED.  *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (Plaintiff must make "prima facie showing of personal jurisdiction before discovery can be permitted").

---

[1] Defendants filed a Certificate of Compliance, stating that they had conferred with Plaintiff regarding the issues in their Motion for Protective order.  Doc. 29.  It appears that Defendants inadvertently filed their Certificate of Compliance as a motion.  The undersigned will terminate the "motion" with this Order so that it is no longer pending on the Court's docket.

**IT IS SO ORDERED.**

**DATED:   June 14, 2023**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**