UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARTER et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUN COMMUNITIES, INC. et al., <br><br> Defendants. | Case No. 3:22-cv-02931-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion to Dismiss with Prejudice (Doc. 14) and a Motion Requesting Entry of an Order to Rule on the Motion (Doc. 37). The Defendants submitted their motions on January 18, 2023 and September 13, 2023, respectively. The Court **GRANTS in part** and **DENIES in part**, **DISMISSING** this case **without prejudice** for lack of jurisdiction. Additionally, the Court **ADVISES** Plaintiffs' counsel to review the Model Rules of Professional Conduct and **REMINDS** Plaintiffs' counsel of their ongoing duty to expedite litigation and to represent their clients in a competent, prompt, and diligent fashion.

On June 21, 2021, the Plaintiffs were involved in a golf cart accident at the Defendants' campground in the Southern District of Indiana. On December 15, 2022, the Plaintiffs filed a complaint in this Court alleging diversity jurisdiction. (Doc. 1). On January 18, 2023, the Defendants filed a motion to dismiss, with prejudice, for lack of personal jurisdiction—arguing they did not have sufficient minimum contacts. (Doc. 14). Plaintiffs did not respond.

On February 15, 2023, the Court ordered a response due by April 2.[1] In late March, the parties filed several discovery motions. On April 21, the Court stayed the deadline to respond to

---

[1] Unless otherwise stated, all dates are in 2023.

the Defendants' motion to dismiss until the discovery disputes were resolved. On June 14, the Magistrate Judge ruled on the discovery motions and the Plaintiffs were given until August 11 to respond to the Defendants' motion to dismiss. The Plaintiff failed to respond by that deadline. On September 13, the Defendants filed a motion requesting an entry of an order dismissing the case. On September 25, the Defendants submitted a proposed order for dismissal to Chambers. It was only after the Defendants submitted that proposed order that Plaintiffs' counsel contacted the Court—46 days after the deadline to respond had passed and over 250 days since the Defendants first filed their motion. Plaintiffs' counsel did not present an argument for personal jurisdiction nor did they offer any explanation for the delay.

      Federal courts require subject matter and personal jurisdiction to rule on a case. If a court has no jurisdiction, it has no authority to rule on the merits, nor authority to bar future claims by dismissing actions with prejudice. In determining personal jurisdiction courts analyze, inter alia, whether a party has sufficient "minimum contacts with the forum state such that the maintenance of the suit [does] not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.* 326 U.S. 310, 316 (1945). The area of personal jurisdiction is a maelstrom of multi-factor balancing tests and split Supreme Court opinions; fortunately, a legal odyssey into personal jurisdiction is unnecessary here.

      In this case, the Defendants claim that they do not have sufficient minimum contacts with the State of Illinois to establish personal jurisdiction. The Plaintiff has failed to respond to the Defendants' motion and the Court is unaware of any evidence in the record that supports maintaining this suit. The Court is inclined to grant the Defendants' motion; however, because the Court lacks jurisdiction, it cannot dismiss with prejudice. As a result, the Court grants in part and denies in part the Defendants' motion. The Court dismisses this case *without* prejudice.

The Court now turns to the Plaintiffs' undue delay. All attorneys are bound by the rules of professional conduct and the integrity of the legal profession depends upon diligent adherence to those rules. The Court has a duty to remind and, if necessary, reprimand attorneys for failing to adhere to the rules of professional conduct. As a federal court in the Southern District of Indiana wrote "[a] district court has a duty to 'maintain public confidence in the legal profession and assist[] in protecting the integrity of the judicial proceeding.'" *United States v. Khader*, 2020 U.S. Dist. LEXIS 215788 (S.D. Ind. 2020) (quoting *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982)). The attorneys representing the Plaintiffs in this case are members of the Illinois and Missouri state bar. Plaintiffs' counsel are aware of their duty to the Court, opposing counsel, and their clients to "make reasonable efforts to expedite litigation consistent with the interests of [their] client[s]" and to "act with reasonable diligence and promptness in representing [their] client[s]." ILL. SUP. CT. R'S 4-3.2, 4-1.3; MO. RULES GOV. BAR JUD. R'S 4-3.2, 4-1.3; MODEL RULES PRO. CONDUCT R'S 3.2, 1.3 (AM. BAR ASS'N, 2020) (hereinafter "MR").[2]

When a plaintiff realizes a complaint is flawed, they have an obligation to correct the error. *See e.g. Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663 (7th Cir. 2007). By signing and submitting a document to the Court, attorneys certify that:

> (1) [the document] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

---

[2] The language of the Illinois and Missouri Rules of Professional Conduct are identical to the ABA's Model Rules. For clarity, unless indicated otherwise, the Court will cite and refer to the ABA Model Rules.

Fed. Rules Civ. P. (FRCP) 11(b).

The Rules of Professional Conduct also prohibit pursuing unmerited claims. MR 3.1 ("a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous"). Thus, under both the Rules of Civil Procedure and the Rules of Professional Conduct, if a plaintiff's attorney no longer holds a good faith belief that the forum court has jurisdiction, they cannot continue to submit documents to the court that assert jurisdiction.

However, the duty to discontinue litigation in an improper forum is complicated by certain "savings clauses." Under some states' "saving clauses," plaintiffs may be barred from refiling if a plaintiff has negligently prosecuted their case. *See e.g.* Ind. Code § 34-11-8-1(a)(1). Indiana has such a "saving clause," *Id.*, and voluntary dismissal can, but does not necessarily, proscribe refiling. *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1242 (Ind. Sup. Ct. 2010). If a plaintiff files in one court and later learns that they have selected the wrong forum, they may find themselves in a false dichotomy: the Rules of Civil Procedure and the Rules of Professional Conduct prohibit a party from continuing an unmerited action, but voluntary withdrawal may prevent the plaintiff from refiling under some states' "savings clauses." Faced with this false dichotomy, a party may erroneously decide that the best course of action is to do nothing. Paralysis, however, is the worst option. A plaintiff that elects to do and say nothing simultaneously fails to comply with their obligation to correct a complaint the party now knows is erroneous; delays litigation; and risks dismissal of their case for lack of prosecution—which would bar their clients from recovery under some "savings clauses."

Here, by signing the complaint, Plaintiffs' counsel certified, to the best of their knowledge, that this court had personal jurisdiction over the Defendants. The Court does not

demand that a plaintiff be absolutely certain of personal jurisdiction prior to filing, which is why the Court granted Plaintiffs an extension when they requested time to review discovery prior to responding. However, discovery began in March. While there were disputes, Plaintiffs' counsel failed to offer *any* substantive response. The Court believes that after discovery, Plaintiffs' counsel realized this Court did not have personal jurisdiction. The Court will be charitable and presume that Plaintiffs' counsel, faced with this false dichotomy—possibly sacrifice their clients' claims by voluntarily dismissing, or violate FRCP 11(b) and MR 3.1—erroneously chose silence.

  The Court understands Plaintiffs' counsel's situation, but, as the Court has indicated, their predicament was a false dichotomy. The Court would be sympathetic to their predicament if Plaintiffs' counsel had either done their due diligence *before* filing or had taken *any* action after realizing there was no personal jurisdiction; Plaintiffs' counsel did neither. If Plaintiffs' counsel could make no good faith argument that the Defendant had sufficient minimum contacts before *and* after discovery, the Court questions what good faith basis the Plaintiffs had for believing there was personal jurisdiction before filing a signed, certified complaint. Plaintiffs' counsel's failure to do their due diligence before commencing this lawsuit is unacceptable—especially considering Indiana's "savings clause" may bar their clients from recovery.

  Furthermore, upon realizing their error, Plaintiffs' counsel did not communicate with the Court until after the deadline to respond to Defendants' motion had long expired. Plaintiffs' counsel neither moved for relief nor offer an explanation in a timely manner. Instead, Plaintiffs' counsel rested on their hands, allowing the statute of limitations to run. When finally communicating with the Court, Plaintiffs' counsel implied that the Court should salvage their suit by transferring the case to an appropriate forum *sua sponte*. The Court will not oblige.

  To summarize, by failing to take appropriate action, Plaintiffs' counsel unreasonably

delayed these proceedings by nearly a year. Plaintiffs' counsel's behavior runs afoul of their duty to avoid delaying litigation—wasting time and unnecessarily costing the Defendants and their own clients in attorney fees. Moreover, Plaintiffs' counsel's lack of diligence comes perilously close to violating their duty to represent their clients diligently and competently. By failing to do their due diligence before filing, and failing to take appropriate action after discovery, Plaintiffs' counsel could bar their clients from recovery—either by allowing the statute of limitations to run or by negligently prosecuting this case. Regardless of the reason, Plaintiffs' counsel's delay is unacceptable. If the Court has been overly charitable, and Plaintiffs' counsel did not realize the nature of their predicament, Plaintiffs' counsel's delay is not just unacceptable, it is inexcusable. The Court hopes that reminding Plaintiffs' counsel of their ongoing duties as attorneys will ensure diligent adherence in subsequent litigation before the judiciary.

## CONCLUSION

The Court **GRANTS in part** and **DENIES in part** the Defendants' motion, **DISMISSING** this case **without prejudice** for lack of jurisdiction. The Court also **ADVISES** Plaintiffs' counsel to review the Model Rules of Professional Conduct and **REMINDS** Plaintiffs' counsel of their ongoing duty to expedite litigation and to represent their clients in a competent, prompt, and diligent fashion.

**IT IS SO ORDERED.**
**DATED:  October 11, 2023**

                                                *s/ J. Phil Gilbert*_____
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**